IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HECTOR INTERIAL,

    Plaintiff,

vs.

M. CHIPPI, M.D.; MIGUEL A.
TORRADAS, PA; and F. ADAIR,
MLP,

    Defendants.

CIVIL ACTION NO.: CV210-034

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently housed at the Federal Medical Center-Devens in Ayer, Massachusetts, has filed an action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), complaining about certain conditions of his confinement while he was housed at the Federal Correctional Institution in Jesup, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se*

pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he went to sick call on June 16, 2005, complaining of severe chest pain and shortness of breath. Plaintiff also contends he was diagnosed with having pneumonia, and Defendant Torradas began treating him for this condition. However, Plaintiff contends, he was having a heart attack and congestive heart failure,

2

which was revealed several months later. Plaintiff asserts that he complained to Defendants that the treatment they were providing him was ineffective, but they continued on the same course of treatment for several weeks. Plaintiff alleges that he was sent to an outside hospital and underwent triple bypass surgery on August 5, 2005.

"Actions brought under Bivens are subject to the statute of limitations governing personal injury actions in the state where the claim has been brought." Johnson v. Greaves, 2010 WL 663292, at *1 (11th Cir. Feb. 25, 2010) (citing Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir.1996)). Plaintiff's claims stem from events which allegedly occurred in Georgia, and, in Georgia, the applicable statute of limitations period is two (2) years. O.C.G.A. § 9-3-33. "The limitations period begins to run when the cause of action accrues, and this is a question of federal law. Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury." Johnson, 2010 WL 663292, at *2 (citing Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996)).

Plaintiff knew he was injured on August 5, 2005, at the latest and that Defendants' actions were the alleged causes of his injury. Plaintiff should have filed his cause of action on or before August 6, 2007, for his Complaint to be considered timely filed. As Plaintiff did not file his Complaint until February 22, 2010, his Complaint should be dismissed as being untimely filed.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under <u>Bivens</u> and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 26th day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)