IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HECTOR INTERIAL,

    Plaintiff,

vs.

M. CHIPPI, M.D.; MIGUEL A.
TORRADAS, PA; and F. ADAIR,
MLP,

    Defendants.

CIVIL ACTION NO.: CV210-034

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that the statute of limitations should be tolled based on the "continuous treatment doctrine" (Doc. No. 6, p. 3). Under the continuous treatment doctrine, a cause of action accrues when a patient's tortious treatment ends, as opposed to when his harm is, or should have been, discovered. Sell v. U.S. Dept. of Justice, 585 F. 3d 407, 411 (8th Cir. 2009). Plaintiff claims he did not want to file a claim against the defendants while he was still in the care of the Bureau of Prison's medical staff because he did not want to interrupt the medical staff's corrective treatment. (Doc. No. 6, p. 2).

Plaintiff's objection is misplaced because the Eleventh Circuit has not adopted the continuous treatment doctrine. McCullough v. United States, ___ F.3d ___, 2010 WL 2197333, at *6 (11th Cir. June 3, 2010). Even if the continuous treatment doctrine

were adopted in the Eleventh Circuit, Plaintiff would not be entitled to its application. Plaintiff seeks recovery pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for the defendant's alleged deliberate indifference to his medical needs. (Doc. No. 1, p. 4). The continuous treatment doctrine only concerns claims of medical malpractice and does not apply to claims of deliberate indifference in the Circuits where it has been adopted. Cole v. Miraflor, 2001 WL 138765 at 5 (S.D.N.Y. February 19, 2001) (not selected for publication).

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 12 day of July, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA